UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-0292 (WMW/KMM) |
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| Hashim Salah Haji, | |
| Defendant. | |

This matter is before the Court on the March 5, 2020 Report and Recommendation (R&R) of United States Magistrate Judge Katherine M. Menendez. (Dkt. 35.) The R&R recommends that Defendant Hashim Salah Haji's motion to suppress evidence, (Dkt. 23), be denied. Haji filed timely objections to the R&R. For the reasons addressed below, the Court overrules Haji's objections and adopts the R&R.

## BACKGROUND

Haji was indicted on two counts of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Haji moved to suppress evidence seized from his person and property, arguing that he was seized unlawfully during a traffic stop. During a hearing on the motion, Minneapolis Police Officer Justin Young testified regarding the investigation of this case.

Officer Young, who routinely works with confidential informants during his investigations, was working with a confidential informant (CI) in this case. In an effort to obtain favorable treatment on the CI's felony charge, the CI previously provided

information to Officer Young regarding other investigations. Although that information had not led to any arrests, Officer Young was able to corroborate the information provided by the CI.

During communications by text messages and phone calls on July 13, 2019, the CI told Officer Young that a person who was prohibited from possessing a firearm because of his criminal history was headed towards 40th Street and Bloomington Avenue to attempt to sell a gun in his possession. The CI only knew this person's "street name." After Officer Young briefed his partners, they drove to the area in separate vehicles to establish surveillance. About 40 minutes after surveillance began, the CI advised Officer Young of the license plate number and description of the vehicle, a white Nissan, that the suspect would arrive in momentarily. The CI also told Officer Young that a second vehicle would arrive. As predicted, both vehicles arrived momentarily.

Officer Young observed a person get out of the second vehicle, walk over to the white Nissan, and get into the rear passenger seat. Officer Young testified that his observation was consistent with the information about a firearm sale that the CI provided. Based on the CI's statement that the firearm was inside the Nissan, Officer Young ordered a "felony stop" of the Nissan. Law enforcement officers recovered three firearms from the Nissan, two of which Haji is charged with unlawfully possessing. Haji moved to suppress the evidence of firearms recovered during this vehicle search, and the magistrate judge recommends denying Haji's motion.

# ANALYSIS

Haji objects to the magistrate judge's recommendation to deny his motion to suppress evidence. Haji does not contest the facts or legal analysis of the R&R, but he disagrees with the legal conclusion that suppression is unwarranted. The Court reviews *de novo* any aspect of the R&R to which Haji objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(3); LR 72.2(b)(3).

The Fourth Amendment to the United States Constitution guarantees the "right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Evidence obtained during a search or seizure conducted in violation of the Fourth Amendment must be suppressed. *Segura v. United States*, 468 U.S. 796, 804 (1984). A warrantless seizure is *per se* unreasonable, subject to certain specifically established and well-delineated exceptions. *United States v. Rush*, 651 F.3d 871, 875–76 (8th Cir. 2011). For example, a police officer may briefly stop and seize a person if the officer has a reasonable, articulable suspicion that the person is involved with or wanted in connection with a crime. *Terry v. Ohio*, 392 U.S. 1, 10, 21 (1968); *Rush*, 651 F.3d at 876. An investigative vehicle stop also is lawful when an officer has a reasonable, articulable suspicion of criminal activity. *United States v. Bell*, 183 F.3d 746, 749 (8th Cir. 1999). During the course of a lawful vehicle stop, an officer may frisk a suspect and search the vehicle in which the suspect is located for weapons if there is a reasonable, articulable suspicion that the suspect may be armed and dangerous. *Michigan v. Long*, 463 U.S. 1032, 1047–50 (1983).

Reasonable suspicion exists when, based on the totality of the circumstances, an officer has "a particularized and objective basis for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks omitted). Although reasonable suspicion is more than a hunch, "the Fourth Amendment only requires that police articulate some minimal, objective justification for an investigatory stop." *United States v. Fuse*, 391 F.3d 924, 929 (8th Cir. 2004). Reasonable suspicion may exist when a credible informant warns of a specific impending crime. *Adams v. Williams*, 407 U.S. 143, 147 (1972); *see also Bell*, 480 F.3d at 863 ("Reasonable suspicion may be based on an informant's tip where the tip is both reliable and corroborated."). "[I]t is immaterial that the details corroborating an informant's tip are as consistent with innocent conduct as with illegal activity." *United States v. McBride*, 801 F.2d 1045, 1047 (8th Cir. 1986).

Haji argues that, because the CI was not credible or reliable, the officers lacked a reasonable, articulable suspicion to stop the vehicle in which Haji was traveling. In support of his argument, Haji cites *Florida v. J.L.*, 529 U.S. 266, 268, 274 (2000), in which the Supreme Court of the United States held that, without more, "an anonymous tip that a person is carrying a gun" is insufficient to establish reasonable suspicion of criminal activity. The anonymous call in *J.L.* provided no means for the police to test the informant's knowledge or credibility, the Court explained, because the caller provided no predictive information. 529 U.S. at 271. Here, the CI was not anonymous, and the CI *did* provide predictive information. *J.L.* is inapposite here because this case involves "a tip from a known informant whose reputation can be assessed and who can be held responsible if [the informant's] allegations turn out to be fabricated." *Id.* at 270.

Haji also argues that, because the CI was not traveling in the vehicle with Haji or otherwise present, the CI was merely guessing that the vehicle had a firearm inside. And because the CI was guessing, the law enforcement officer was guessing too, Haji contends. This "obvious gap" in knowledge, Haji maintains, caused Officer Young to rely on his own inference. But an officer may draw reasonable inferences from the facts in light of the officer's experience. *Terry*, 392 U.S. at 27. Certainty is not required. The critical inquiry here is whether the officers had a "particularized and objective basis" for their suspicion. *United States v. Jones*, 606 F.3d 964, 967 (2010) (internal quotation marks omitted). An officer need not allow a crime to occur or an offender to flee because the precise information necessary to establish probable cause to arrest is not known. *Adams*, 407 U.S. at 145. "[I]t may be the essence of good police work to adopt an intermediate response." *Id.* A brief investigative stop of a suspicious individual or vehicle so as to determine the individual's identity or to maintain the status quo while obtaining more information may be the most reasonable response in light of the officers' knowledge of facts. *Id.* at 146. Such is the case here.

Haji's argument focuses on what the CI did *not* know and what the record does not reveal about the CI. But the factors that establish reasonable suspicion demonstrate that the officers acted on more than "inarticulate hunches." *Terry*, 392 U.S. at 22. The CI told Officer Young that the individual's possession of a firearm was unlawful because that person had been in prison. This fact suggests a felony conviction. The CI further advised Officer Young that the individual would travel to a specific location to sell the firearm. The CI described the color, make, model, and license plate number of the vehicle that was

5

transporting the individual. And the officers corroborated this fact, along with the CI's update of when the white Nissan and a second vehicle would arrive. Officer Young saw a person exit the second vehicle and enter the white Nissan. Meanwhile, the second vehicle remained in place. From his law enforcement experience, Officer Young concluded that these observations were consistent with the CI's information that an unlawful firearm sale would occur. The totality of the circumstances establishes that there was reasonable suspicion to conduct an investigative stop of the vehicle, and the officers' seizure was objectively reasonable.

Because Haji does not object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59; *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001); *accord Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having carefully performed this review, the Court finds no clear error.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Hashim Salah Haji's objections to the March 5, 2020 R&R, (Dkt. 44), are **OVERRULED**.

2. The March 5, 2020 R&R is **ADOPTED**.

3. Haji's motion to suppress, (Dkt. 23), is **DENIED**.

Dated: May 18, 2020                           s/Wilhelmina M. Wright
                                              Wilhelmina M. Wright
                                              United States District Judge